UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JOHN GRIJALVA,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>Defendants. | Case No. 19-cv-05694-RS (PR)<br><br>**ORDER REOPENING ACTION;**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This federal civil rights action was dismissed because plaintiff failed to comply with the Court's orders to file a complaint and an application to proceed *in forma pauperis*. Since dismissal, those documents have been filed. Accordingly, this action is REOPENED. The Clerk is directed to modify the docket to reflect this. The judgment and the order of dismissal are VACATED. (Dkt. Nos. 9 and 10.)

Plaintiff fails to state any claim for relief in his 42 U.S.C. § 1983 complaint. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **March 2, 2020**. **No extensions of time will be granted.** Failure to file a proper amended complaint by the deadline, or a failure to comply in every respect with the instructions given in this order, will result in the dismissal of this suit and the entry of judgment in favor of defendants.

## DISCUSSION

### A. Standard of Review

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff's complaint contains no claims of any kind. Rather, he asks "to talk to someone from your office" because "theres [*sic*] to [*sic*] much to list." (Compl., Dkt. No. 11 at 3.) This falls far short of supplying "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted). In his amended complaint, plaintiff must state specific facts plausibly showing that a person acting under color of state law violated his federal constitutional rights.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **March 2, 2020**. The amended complaint must include the caption and civil case number used in this order (19-05694 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. The amended complaint must also appear on this Court's form. Because an amended complaint completely replaces the previous complaints, plaintiff must include

in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. No extensions of time will be granted. **Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.**

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** January 24, 2020

_____
RICHARD SEEBORG
United States District Judge

ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND
CASE NO. 19-cv-05694-RS
3